UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

| | | |
|---|---|---|
| MICHAEL ROSENBERG, On Behalf of Himself and All Others Similarly Situated, | : | |
| Plaintiff, | : | Civil Action No. |
| vs. | : | |
| ASCENT TECHNOLOGY, INC., | : | **CLASS ACTION COMPLAINT** |
| Defendant. | : | **JURY TRIAL DEMANDED** |

RECEIPT # _59522_
AMOUNT $ _50_
SUMMONS ISSUED (4c)
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _____
DATE _10/22/04_

MAGISTRATE JUDGE _____

Plaintiff, Michael Rosenberg, by his undersigned counsel, for his Class Action

Complaint, alleges the claims set forth herein. Plaintiff's claims as to himself and his own

actions, as set forth in ¶ 9 herein, are based upon his personal knowledge. All other allegations

are based upon information and belief pursuant to the investigations of counsel. Based upon

such investigation, Plaintiff believes that substantial evidentiary support exists for the allegations

herein or that such allegations are likely to have evidentiary support after a reasonable

opportunity for further investigation and/or discovery.

## NATURE OF THE ACTION

1.      This is a privacy class action lawsuit brought under the Electronic

Communications Privacy Act – Stored Electronic Communications ("ECPA"), 18 U.S.C. § 2701

*et seq.*, state and common law. On or about April 9, 2004, AMR Corp., the parent of American

Airlines, Inc. (collectively "American Airlines"), announced that in June, 2002, it voluntarily

authorized Airline Automation, Inc. ("AAI"), to transfer 1.2 million electronically stored

passenger name records ("PNRs"), containing highly confidential personal information, to the

Transportation Security Administration ("TSA").  This information was also accessed by AAI

for transfer to HNC Software Inc., Infoglide Software Corp., Lockheed Martin Corp., and

Defendant Ascent Technology, Inc., in violation of American Airlines' privacy policy as well as

federal, state and common law. The PNR data was not provided to Ascent Technology, Inc.,

pursuant to a subpoena or other legal compulsion. Consumers have a legally protected privacy

interest in their personal data and had an actual and reasonable expectation that Defendant would

not transfer, access or otherwise use such information absent a passenger's prior authorization

and/or beyond a passenger's consent.

 2. Plaintiff brings this class action lawsuit on his own behalf and on behalf of a class

of persons defined as:

> All persons in the United States who provided personally identifiable
> information to AMR Corp or American Airlines, Inc., prior to June, 2002
> (the "Class Period"), and whose information has been transferred to or
> accessed by another person or entity absent the authorization and/or
> beyond the consent of the customer (the "Class"). Excluded from the
> Class are the Court, its staff, Defendant, any parent, subsidiary or
> affiliate of Defendant and all officers and directors who are or have been
> employed by a Defendant during the Class Period.

 3. Plaintiff alleges that Defendant intentionally accessed, without authorization, a

facility through which an electronic communication service is provided or exceeded

authorization to access that facility in order to covertly obtain an electronic communication in

storage containing Plaintiff and members of the Class's personally identifiable information.

Plaintiff further alleges that American Airlines and AAI, which provide an electronic

communication service or a remote computing service through the American Airlines Internet

website at URL http://www.aa.com ("American Airlines Website") and/or the American Airlines

Computer Reservation System ("CRS"), knowingly divulged the contents of Plaintiff's and Class

members' electronic communications containing personally identifiable information while in electronic storage or carried or maintained on such systems. The American Airlines' Website and/or CRS is a service which provides users the ability to send or receive wire or electronic communications.

4.    By secretly accessing customers' electronically stored highly confidential, personal information, Defendant engaged in conduct that constitutes a serious invasion of privacy and trespass to property that is highly offensive in violation of federal, state and common law.

5.    As a result of Defendant's wrongful course of conduct, Plaintiff seeks injunctive relief and monetary damages, including punitive damages, to redress Defendant's unlawful practice of secretly accessing millions of customers' electronically stored personally identifiable information without their authorization and/or beyond their consent.

## JURISDICTION AND VENUE

6.    This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§1331; 18 U.S.C. §2701, *et seq.* (Electronic Communications Privacy Act – Stored Electronic Communications). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

7.    Venue is proper in this District pursuant to 28 U.S.C. §1391 because Ascent Technology, Inc., has its principal place of business in this District and/or at all times conducted substantial business in this District.

8.    In connection with the acts, transactions and conduct alleged herein, Defendant used the means and instrumentalities of interstate commerce, including the United States' mails and interstate telephone communication.

3

## PARTIES

9.      Plaintiff Michael Rosenberg, a resident of New York State, brings this action on behalf of himself and all others similarly situated. Michael Rosenberg conveyed personally identifiable information to American Airlines, Inc., during the Class Period in connection with the purchase of one or more tickets for air transportation by American Airlines, Inc., AMR Corp., or one of its regional carriers.

10.     Defendant Ascent Technology, Inc. ("Ascent"), is a Massachusetts corporation with its principal place of business located at One Broadway, Fifth Floor, Cambridge, Massachusetts. Ascent is in the business of providing coordinated planning and real-time management of critical resources and activities.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Fed R. Civ. P. 23, individually and on behalf of a Class as defined above. Excluded from the Class are the Court and its staff, Defendant, any parent, subsidiary or affiliate of Defendant and all officers and directors who are or have been employed by Defendant during the Class Period.

12.     The Class is so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number and identity of Class members cannot be ascertained by Plaintiffs at this time, it consists of the approximately one million American Airlines customers nationwide who submitted personally identifiable information to American Airlines. American Airlines electronically stored this information and unlawfully transferred the information to Ascent or allowed Ascent to access the information.

13.     The number of potential members of the Class is not precisely determined at the present time, but can be established through notice and discovery. The disposition of the Class'

4

claims in this action will substantially benefit both the parties and the Court. The numerosity requirement of Rule 23(a)(1) is therefore satisfied.

14. Rule 23(a)(2) and Rule 23(b) are satisfied because there are questions of law and fact common to plaintiff and the Class, which common questions predominate over any individual questions affecting only individual members. Among these common questions of law and fact are:

(a) Whether Defendant participated in and/or committed or is responsible for the conduct complained of;

(b) Whether Defendant's conduct constitutes the violations of law alleged herein;

(c) Whether Defendant devised and deployed a scheme or artifice to defraud or conceal from Plaintiff and the Class members Defendant's practice of transferring and/or accessing personally identifiable information without their prior authorization or beyond their consent;

(d) Whether Defendant engaged in deceptive acts and practices in connection with its undisclosed and systemic practice of transferring and/or accessing Plaintiff's and Class members' electronically stored personally identifiable information;

(e) Whether Defendant, through its wrongful course of conduct described herein, violated the Electronic Communications Privacy Act – Stored Electronic Communications, 18 U.S.C. §2701, *et seq.*;

(f) Whether the laws of the State of Massachusetts, and to the extent applicable, substantially similar laws of other states, were violated by Defendant, by engaging in the wrongful and deceptive practices alleged herein;

(g)    Whether Defendant's conduct was willful and/or intentional;

(h)    Whether Defendant was unjustly enriched as a result of its wrongful course of conduct as alleged herein;

(i)    Whether Plaintiff and members of the Class have sustained and/or are entitled to damages or are entitled to restitution as a result of Defendant's wrongdoing and, if so, the proper measure and appropriate formula to be applied in determining such damages and restitution;

(j)    Whether Plaintiff and the Class are entitled to an award of statutory damages, compensatory and/or punitive damages; and

(k)    Whether Plaintiff and the Class are entitled to declaratory, injunctive, and/or other equitable relief.

15.    In satisfaction of Rule 23(a)(3), Plaintiff's claims are typical of the Class members' claims and do not conflict with the interests of any other members of the Class in that Plaintiff and the Class have all suffered from the same wrongful acts of the Defendant, namely, having their personally identifiable electronic information surreptitiously and without their authorization or beyond their consent transferred and/or accessed by Defendant. Plaintiff asserts claims that are typical of the claims of the entire Class, all Class members have been subjected to this same wrongful conduct, and the relief Plaintiff seeks is common to the Class.

16.    In satisfaction of Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect the interests of the other Class members and has no interests that are antagonistic to or which irreconcilably conflict with those of other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent him and the Class.

17.    A class action is the superior method for the fair and efficient adjudication of this controversy, since joinder of all Class members is impracticable. Plaintiff is not aware of any potential difficulties in the management of this action as a class action. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it prohibitively expensive for Class members to individually redress the wrongs done to them. Thus, because of the nature of the individual Class members' claims in this litigation, few, if any, could otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice.

18.    Absent a representative class action, Class members would continue to suffer losses for which they would have no remedy and Defendant would unjustly retain both the proceeds of their ill-gotten gains and the wrongfully transferred/obtained data. Even if separate actions could be brought by individual Class members, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications which might as a practical matter be dispositive of the interests of the other Class members who are not parties to the adjudications, may substantially impede their ability to protect their interests and/or which would establish incompatible standards of conduct for defendant, making certification appropriate under Fed. R. Civ. P. 23(b)(1).

19.    Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby rendering class certification and injunctive and/or declaratory relief with respect to the Class as a whole pursuant to this sub-section appropriate as well.

20.    A class action regarding the issues in this case creates no problems of manageability. In particular, notice of pendency of this action can be given in a variety of ways, including publication through the Internet and other media.

## FACTUAL ALLEGATIONS

21.    American Airlines, Inc., is the world's largest scheduled passenger air carrier. It provides scheduled jet service to nearly 150 destinations throughout North America, the Carribean, Latin America, Europe and the Pacific. Last year, it recorded $14.3 billion in passenger revenue. Seventy percent of this passenger revenue was derived from its domestic operations.

22.    American Airlines provides customers with the option of purchasing tickets for air transportation through the American Airlines Website. American Airlines owns, operates, manages, maintains or controls the American Airlines Website. AAI operates, manages, maintains or controls the American Airlines Website in conjunction with American Airlines. The American Airlines' Website is a service which provides users the ability to send or receive wire or electronic communications. The American Airlines Website is either a communication service through which an electronic communication service is provided or a remote computing service which allows the general public to communicate with American Airlines in connection with the provision of air transportation.

23.    American Airlines owns, operates, manages, maintains or controls a CRS for use in connection with the provision of air transportation and travel reservation ticketing. The CRS is a service which provides users the ability to send or receive wire or electronic communications.

24.    The CRS system is either a communication service through which an electronic communication service is provided or a remote computing service which allows American

8

Airlines to communicate with passengers and to electronically store passenger's personally identifiable information. It also provides various other functions in connection with air transportation ticket reservations and sales. For example, the CRS system not only provides an electronic communication service between American Airlines and its customers, but also between other airlines, travel agencies, car rental companies and hotels.

25.    American Airlines collects personally identifiable information from its passengers when taking reservations or selling air transportation whether the reservation or purchase is made over the phone or through the Internet.

26.    The type of information which American Airlines collects and maintains for each passenger is stored electronically and includes, *inter alia*:

- name, address and telephone number;

- email address, fax number and pager number;

- AAdvantage account number and flight information;

- credit/debit card numbers, billing address and expiration date;

- information necessary to facilitate travel, including travel companion(s), names emergency contacts, seating preferences, and special dietary or medical needs;

- passport number, nationality and country of residence;

- transactional data pertaining to mileage activity with AAdvantage program participants;

- Use of products and services such as self-service devices, flight status notification and on-line check-in; and

- corporate-contract number, employer and/or other corporate affiliation (i.e. employer name, number, title, address and contact information).

27.    Since privacy is of paramount importance to consumers, American Airlines claims to recognize that "[y]our privacy is important to us." According to the American Airlines' privacy policy, American Airlines protects "online information in the same way [it]

9

protects [] passenger information obtained through telephone reservations and the AAdvantage program."

28.    American Airlines specifically represents that it collects passenger names, addresses, credit card billing numbers and expiration dates, billing addresses, phone/fax numbers, travel companion names and AAdvantage numbers" in order to provide passengers with fare information and AAdvantage account information. It further provides that it shares "customer lists" or "prospective customer lists" with AAdvantage participants in order to provide more opportunities to earn or redeem miles or to advise of other benefits associated with the AAdvantage program.

29.    In its privacy policy, American Airlines states that "we never use or share the personally identifiable information provided to us online in ways unrelated to the ones described above without also providing you an opportunity to opt-out or otherwise prohibit such unrelated uses."

30.    At all times relevant herein, American Airlines' privacy policy, which was part of the contract-of-carriage with passengers, prohibited the airline or its agents from disclosing personal information concerning its passengers to persons or entities for purposes other than those necessary to fulfill travel or travel related activity.

31.    Despite these self-imposed public assurances that created an obligation under the contract-of-carriage and a duty on the part of American Airlines to persons with whom it did business not to act in derogation of that privacy policy, in or about June, 2002 American Airlines, through its agent, turned over approximately 1.2 million electronically stored PNRs. The PNRs, containing highly confidential personal information, were accessed by American Airlines and/or AAI absent passenger's prior authorization and/or beyond their consent while in

electronic storage and transferred or otherwise made available to HNC, Infoglide, Lockheed, and Defendant Ascent in violation of American Airlines' privacy policy as well as federal, state and common law. Ascent, thereafter, accessed the PNRs while in electronic storage absent passengers' authorization or consent in violation of American Airlines' privacy policy as well as federal, state and common law. The PNRs contained passenger names, addresses, telephone numbers and itineraries. All of this personal information was accessed by Defendant while electronically stored in a facility through which an electronic communication service is provided or a remote computing service.

32.    American Airlines initially denied that it released passenger's personal information when news broke concerning a similar unlawful disclosure by JetBlue Airways Corporation.

33.    On April 9, 2004, however, American Airlines admitted it authorized AAI to disclose highly confidential personal passenger information, PNRs, to the TSA.

34.    While American Airlines admits that it authorized AAI to disclose highly confidential personal passenger information to the TSA, it contends that AAI exceeded its authority by accessing, transferring or making PNRs available to Defendant Ascent.

35.    AAI, however, claims that American Airlines was fully aware of and authorized access by HNC, Infoglide, Lockheed, and Defendant Ascent.

36.    Despite this fingerpointing one thing is clear, prior to authorizing AAI to turn over or make the PNR data accessible, American Airlines failed to: (i) provide customers with "an opportunity to opt-out or otherwise prohibit such unrelated uses"; (ii) obtain their authorization or consent in accordance with American Airlines' privacy policy, the Electronic

Communications Privacy Act, 18 U.S.C. 2701 *et. seq.*; or (iii) provide notice to customers about Defendants' surreptitious use and manipulation of passenger data and the accessing of PNR data.

37.    The TSA recently disclosed that four airlines, American Airlines, Delta, America West and Frontier, and two global distribution systems, Galileo and Sabre, and voluntarily made electronic passenger data available to HNC, Infoglide, Lockheed, and Defendant Ascent pursuant to the TSA's request. *See U.S. Senate Committee on Governmental Affairs Pre-Hearing Questionnaire For The Nomination Of Admiral David Stone To Be Assistant Secretary of Homeland Security, Transportation Security Administration; see also* Reuters News, *More Airlines Pass Records To The Feds: Government Says Data Collection Is Benign, Critics Question Methods, Legality*, dated June 23, 2004.  Notably, the PNR data was not provided to Defendant Ascent pursuant to a subpoena or other legal compulsion. *Id.*

38.    The TSA indicated that on May 20, 2002, it contacted American Airlines to request the airline instruct AAI to make PNR data available to HNC, Infoglide, Lockheed, and Defendant Ascent.  According to the TSA, American Airlines authorized AAI to provide the electronically stored PNR data to HNC, Infoglide, Lockheed, and Defendant Ascent which had been previously provided by passengers either through the American Airlines Website or over the phone through passenger reservations agents who input the information into the CRS.

39.    American Airlines and/or AAI accessed  a facility through which an electronic communication service is provided or a remote computing service and divulged the contents of a communication while in electronic storage or while maintained on that service, PNRs, and made them available for access by Ascent.  Ascent intentionally accessed the PNR data while in electronic storage from a facility through which an electronic communication service is provided without the prior authorization or consent of the Plaintiff and members of the Class.

40.     At the time it accessed this electronic information, Ascent and its employees were aware that American Airlines' privacy policy prohibited American Airlines or its agents from disclosing passengers' personal information to persons or entities for purposes other than those necessary to fulfill travel or travel related activity.

41.     Upon information and belief, Ascent was aware of American Airline's privacy policy because the policy had been communicated directly by American Airlines and/or AAI.

42.     Ascent was aware of American Airline's and other airline's privacy policies because they had been disclosed in connection with the execution of "cooperative agreements" they entered into with the TSA and the Federal Aviation Administration.

43.     Ascent never disclosed to American Airlines' passengers that it was accessing this information and never sought passengers' prior approval. By covertly accessing personally identifiable information absent passengers' prior authorization or consent, Defendant engaged in a deceptive act which invaded the privacy of Plaintiff and members of the Class causing them to sustain injury. Plaintiff and members of the Class had a property or ownership interest in their electronically stored PNRs because they provided the information contained in the PNRs with the express understanding that the information would not be shared with a third-party for purposes other than those necessary to fulfill travel or travel related activity.

## COUNT I

(Violation Of The Electronic Communications Privacy Act –
Stored Electronic Communications, 18 U.S.C. §2701, *et seq.*)

44.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-43 above, as if fully set forth herein.

45.     Each instance of Defendant's wrongful course of conduct, as set forth above, constitutes a violation of the Electronic Communications Privacy Act, 18 U.S.C. §2701, *et seq.*,

in that Defendant, by and through the herein-described wrongful course of conduct, intentionally transferred and/or accessed without authorization and/or intentionally exceeded its authorization to access Plaintiff's and the Class members' electronically stored personally identifiable information and obtained access while in electronic storage and/or knowingly divulged the personally identifiable information while in electronic storage, without or exceeding the knowledge, authorization, or consent of Plaintiff and members of the Class.

46.    Pursuant to 18 U.S.C. §2707, Plaintiff and the Class members are entitled to such preliminary or other equitable or declaratory relief as may be appropriate, at least $1,000 per Class member in statutory damages, actual and punitive damages, costs and reasonable attorneys' fees, plus disgorgement of any profits Defendant earned as a result of such violations of law.

## COUNT II

### (Violation of Massachusetts Gen. L. Ann. Ch. 93A. §§1 – 11, *et seq* and Other Similar State Statutes)

47.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-46 above, as if fully set forth herein.

48.    Defendant was aware that American Airlines' passengers provided personally identifiable information subject to American Airlines' privacy policy. The privacy policy provided that personal information gathered by American Airlines would not be disclosed to third parties, which caused Plaintiff and other Class members to rely on such representations when choosing to purchase air transportation from American Airlines.

49.    Defendant engaged in unfair or deceptive acts and practices by knowingly and surreptitiously conspiring to obtain and, thereafter, obtaining and accessing Plaintiff and Class members' personally identifiable information, which Ascent knew was received in direct

violation of American Airlines' privacy policy raising significant privacy concerns, absent prior disclosure to American Airlines' passengers in violation of Massachusetts Gen. L. Ann. Ch. 93A. §§1 – 11, *et seq* or similar state deceptive state practice acts or statutes.

50.     Defendant used the information provided by American Airlines and/or AAI for their own commercial benefit absent the authorization or consent of the owner's of the information.

51.     The conduct described above constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the Massachusetts Gen. L. Ann. Ch. 93A. §§1 – 11, *et seq,* and other similar state statutes prohibiting unfair and deceptive acts and practices including:

| | |
|---|---|
| Alaska: | Alaska Stat. §45-50-471, *et seq*; |
| Arizona: | Ariz. Rev. Stat. §44-1522(A), *et seq*; |
| Arkansas: | Ark. Code Ann. 4-88-101, *et seq*; |
| California: | Cal. Civ. Code §§1780 - 1784, Business and |
| | Profession Code §17200, et seq., §17500, *et seq*; |
| Connecticut: | Conn. Gen. Stat. Ann. §§42-110a - 42-110g, *et seq*; |
| Colorado: | Col. Rev. Stat. §§6-1-101 - 6-1-114, *et seq*; |
| Delaware: | 6 Del. Code Ann. §§2511 – 2537, *et seq*; |
| District of Columbia: | D.C. Code Ann. §§§28-3801 - 28-3819, *et seq*; |
| Florida: | Fla. Stat. Ann. §§501.201 - 501.213, *et seq*; |
| Georgia: | Ga. Stat. §10-1-393(b)(5), (7), *et seq*; |
| Hawaii: | Hawaii Rev. L. §§480-1 - 480-24, *et seq*; |
| Idaho: | Idaho Code §§48-601 - 48-619, *et seq*; |

| | |
|---|---|
| Illinois: | 815 ILCS 505/2, *et seq*; |
| Indiana: | Ind. Code §24-5-0.5-3(a)(1), (2), *et seq*; |
| Iowa: | Iowa Code §714.16, *et seq*; |
| Kansas: | Kan. Gen.Stat. Ann. §§50-623 - 50-644, *et seq*; |
| Kentucky: | Ky. Rev. Stat. Ann. §§367.110 - 367.990, *et seq*; |
| Louisiana: | La. Rev. Stat. Ann. §§13:1401 - 13:1418, *et seq*; |
| Maine: | Me. Rev. Stat. Ann. §§206 – 214, *et seq*; |
| Maryland: | Md. Code Ann. §13-501, *et seq*; |
| Massachusetts: | Mass. Gen. L. Ann. Ch. 93A. §§1 – 11, *et seq*; |
| Michigan: | Mich. Stat. Ann. §19.418(B), *et seq*; |
| Minnesota: | Minn. Stat. Ann. §§325D.09 - 325D.16, *et seq*; |
| Mississippi: | Miss. Code §75-24-5(1), (2)(e) & (g), *et seq*; |
| Missouri: | Mo. Ann. Stat. §§407.010 - 407.701, *et seq*; |
| Montana: | Mont. Rev. Code Ann. §§30-14-101 - 30-14-224, *et seq*; |
| Nebraska: | Neb. Rev. Code §§59-1501 - 59-1623, *et seq*; |
| Nevada: | Nev. Rev. Stat. §§590A.010 - 590A.280, *et seq*; |
| New Hampshire: | N.H. Rev. Stat. Ann. §358-A:2, *et seq*; |
| New Jersey: | N.J. Stat. Ann. §§56:8-1 - 56:8-24, *et seq*; |
| New Mexico: | N.M. Stat. Ann. §57-12-10, *et seq*; |
| New York: | N.Y. Gen. Bus. L. §§349 – 350, *et seq*; |
| North Carolina: | N.C. Gen. Stat. §§75-1 - 75-56, *et seq*; |
| North Dakota: | N.D. Cent. Code §51-15-02, *et seq*; |
| Ohio: | Ohio Rev. Code Ann. §1345, *et seq*; |

| Oklahoma: | Okla. Stat. Tit. 15 §753, *et seq*; |
|---|---|
| Oregon: | Ore. Rev. Stat. §§646.605 - 646.642, *et seq*; |
| Pennsylvania: | 73 Pa. Stat. §201, *et seq*; |
| Rhode Island: | R.I. Rev. L. Ann. §§6-13.1-1 - 6-13.1-11, *et seq*; |
| South Carolina | S.C. Code §39-5-20(a), *et seq*; |
| South Dakota: | S.D. Comp. L. §§37-24-1 - 37-24-35, *et seq*; |
| Tennessee: | Tenn. Code Ann. §47-18-101, *et seq*; |
| Texas: | Tex. Rev. Civ. Stat. §§17.41 - 17.63, *et seq*; |
| Utah: | Utah Code Ann. §13-11-19, *et seq*; |
| Virginia | Va. Code §59.1-200(A)(5)-(7), (14), *et seq*; |
| Vermont: | Vt. Stat. Ann. §§2451 – 2462, *et seq*; |
| Washington: | RCW §19-86-010, *et seq*; |
| West Virginia: | W. Va. Code Ann. §46A-6-104, *et seq*; |
| Wisconsin: | Wis. Stat. Ann. §100.18, *et seq*; |
| Wyoming | Wyo. Stat. §40-12-105(a)(3), (xv), *et seq*. |

52.     As a result of the alleged conduct, Plaintiff and members of the Class request an award of damages against Defendant as authorized by such statutes.

## COUNT III

### (Trespass To Property)

53.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-52 above, as if fully set forth herein.

54.    As set forth in greater detail above, Defendant transferred and/or used Plaintiff's and the Class members' personal property, namely, their personally identifiable information contained in electronic storage.

55.    Pursuant to the common law, Plaintiff and members of the Class are entitled to such preliminary or other equitable or declaratory relief as may be appropriate, compensatory damages, actual damages, including any profits made by Defendant, and punitive damages.

## COUNT IV

### (Invasion Of Privacy)

56.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-55 above, as if fully set forth herein.

57.    Defendant has, either directly or by aiding, abetting and/or conspiring to do so, knowingly disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of private and sensitive information concerning the Plaintiff's and the Class members' personal affairs without the knowledge, authorization, or beyond the consent of Plaintiff and members of the Class.  Such conduct constitutes a highly offensive and dangerous invasion of Plaintiff's and the Class members' privacy.

58.    As Plaintiff and the Class members did not voluntarily authorize the disclosure of their personal and private information, such information was misappropriated.

59.    As a direct and proximate result thereof, Plaintiff and members of the Class have been damaged by an amount according to proof at the time of trial and/or have been irreparably harmed by such conduct.

## COUNT V

### (Unjust Enrichment)

60.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-59 above, as if fully set forth herein.

61.    Defendant has wrongfully and unlawfully enriched themselves to Plaintiff's and the Class members' detriment by engaging, and continuing to engage, in the above-described wrongful course of conduct for their own commercial benefit and enrichment.

62.    Defendant's continued use, enjoyment, and retention of these wrongfully and unlawfully received funds violates fundamental principles of justice, equity, and good conscience and thus constitutes unjust enrichment.

63.    As a direct and proximate result of defendant's above-described wrongful course of conduct, Plaintiff and members of the Class are entitled to the relief set forth below, as appropriate.

## COUNT VI

### (Declaratory Judgment)

64.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-63 above, as if fully set forth herein.

65.    Plaintiff and the members of the Class members entitled to a declaratory judgment that by commission of the acts and omissions alleged herein, defendant has violated the Electronic Communications Privacy Act – Stored Electronic Communications, 18 U.S.C. §2701 *et seq.,* and/or Plaintiff and Class members' common law rights against trespass to property, invasion of privacy, and unjust enrichment.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment in his favor and against defendant:

(a)    Determining that the action is a proper class action maintainable under Fed. R. Civ. P. 23; certifying an appropriate Class and certifying plaintiff as Class Representative;

(b)    Ordering the temporary and preliminary off-site storage, under strict independent monitoring, of all information collected and/or shared as a result of Defendant's wrongful conduct described herein in order to preserve the *status quo* pending the Court's resolution of the issues raised by this Complaint;

(c)    Ordering a temporary and preliminary asset freeze or constructive trust on all monies wrongfully obtained, and all profits wrongfully derived, as a result of the conduct alleged in this Complaint in order to preserve the *status quo* pending the Court's resolution of the issues raised by this Complaint;

(d)    Declaring the acts and practices complained of herein to be in violation of the statutory and common laws set forth above;

(e)    Enjoining and restraining the Defendant from any further acts in violation of the statutory and common laws set forth above;

(f)    Directing the Defendant to take such affirmative steps as are necessary to ensure both that the causes and effects of their unlawful information-handling acts and practices are eliminated and no longer continue and that all Class members are specifically notified of American Airlines' information-handling acts and practices and the existence and availability of a remedy to correct the illegal activities set forth above. At a minimum, such affirmative steps must include: (i) ordering the Defendant to conduct a corrective advertising and information

20

campaign advising consumers whose electronically stored personal information has already been transferred and/or accessed how to determine if their information was improperly transferred and/or accessed, and (ii) ordering the destruction and/or purging, under court monitoring, of all personally identifiable information transferred by American Airlines to any person a result of Defendant's wrongful conduct described herein.

(g)    Awarding Plaintiff and the Class any and all amounts owing to them under the statutes of the United States set forth above;

(h)    Awarding Plaintiff and each Class member their actual and compensatory damages for violations of the statutes of the United States set forth above and violations of their right to be free from trespass to property, invasion of their privacy;

(i)    Awarding Plaintiff and members of the Class punitive damages;

(j)    Directing Defendant to disgorge all monies wrongfully obtained as a result of the conduct alleged in this Complaint and awarding to plaintiff and the Class members all profits derived or monies saved as a result of the unlawful acts and practices alleged herein;

(k)    Awarding Plaintiff and the Class members the costs of this action, together with reasonable attorneys' fees;

(l)    Awarding Plaintiff and members of the Class pre- and post-judgment interest; and

(m)    Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury in this action of all issues so triable.

Dated:    October 21, 2004
          New York, New York

> **MOULTON & GANS, P.C.**
>
> By: _Nancy Freeman Gans_
> Nancy Freeman Gans, BBO #184540
> 33 Broad Street, Suite 1100
> Boston, MA  02109-4216
> Telephone:  (617) 369-7979
>
> Michael M. Buchman (MB-1172)
> J. Douglas Richards (JDR-6038)
> **MILBERG WEISS BERSHAD &**
>   **SCHULMAN LLP**
> One Pennsylvania Plaza
> New York, New York  10119-0165
> Telephone:  (212) 594-5300
>
> Jack G. Fruchter  (JF-8435)
> **ABRAHAM, FRUCHTER & TWERSKY LLP**
> One Penn Plaza, Suite 1910
> New York, New York 10119
> Telephone: (212) 279-5050
>
> **Attorneys for Plaintiff**